IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY BROWNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-5009-SSA-CV-SW-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Kimberly Browne seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on October 4, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

whether existing evidence is substantial, we consider evidence that detracts from
the Commissioner's decision as well as evidence that supports it. As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff filed an applications for disability and disability insurance benefits on February 25, 2008. Plaintiff was born in 1966, and was 39 years old on the alleged onset date of June 1, 2006. Plaintiff has past relevant work as a housekeeper and retail cashier.

Plaintiff's applications were denied initially on May 15, 2008. Thereafter, plaintiff requested a hearing, which was held on November 18, 2009. Plaintiff appeared and testified at the hearing. On December 14, 2009, the administrative law judge (ALJ) found that plaintiff was not suffering from a disability as defined by the Social Security Act. The Appeals Council subsequently denied plaintiff's request for review on November 24, 2010, thereby making the ALJ's decision the final decision of the Commissioner.

The ALJ's decision concluded that plaintiff met the insured status requirements of the Social Security Act through December 31, 2008, and that plaintiff has not engaged in substantial gainful activity since her onset date. The ALJ determined plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, fibromyalgia, chronic obstructive pulmonary disease, bipolar disorder, depression, anxiety disorder, post-traumatic stress disorder and personality disorder. The ALJ did not find that any of plaintiff's impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ went on to determine that while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were not fully credible to the extent they were inconsistent with the finding that plaintiff had the residual functional capacity (RFC) to maintain light work with some limitations to account for her impairments. Based on the testimony of a vocational expert, the ALJ found that although plaintiff could not do past relevant work, she was capable of making successful adjustments to other work that exists in significant numbers in the national economy.

Plaintiff alleges the ALJ erred in (1) failing to adequately weigh the medical opinions of record; and (2) determining that there is other work that exists in significant numbers which plaintiff can perform. The ALJ states that the testimony of the vocational expert (VE) was inconsistent with the Dictionary of Occupational Titles (DOT).

The Commissioner argues that the ALJ properly set forth specific reasons for discounting plaintiff's credibility and discounting some medical opinions. The Commissioner also argues that the vocational expert's testimony is not inconsistent with the DOT.

Upon review, the Court notes the record in this case is somewhat sparse; however, it is plaintiff's responsibility to establish disability. Moreover, the Court finds that the ALJ's medical opinion assessments are supported by substantial evidence. Plaintiff's appeal focuses on her mental capacity and the medical source report of Dr. Dobard. A review of the record shows that the ALJ properly considered the opinion of Dr. Dobard and only discounted the opinion after looking at the treatment notes showing virtually normal mental health status. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight

given to medical opinion; treating physician's opinion may be discounted when inconsistent with the objective medical evidence of record). See also Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Further, although the ALJ did not give substantial weight to the opinion of Dr. Dobard or other medical opinions that plaintiff believes should have been given substantial weight, the ALJ, nevertheless, took into account almost all of the proposed limitations discussed in the medical evidence.

The ALJ's notation of no conflicts between the VE's testimony and the DOT, even though the ALJ did not specifically ask the VE about conflicts, was harmless error. There is no harm in this error because there is no apparent unresolved conflict between the VE testimony and the DOT. See Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (ALJ's failure to ask the VE about potential conflicts between testimony and the DOT was harmless since such conflict does not appear to exist). With there being no apparent conflict, this Court finds that the same conclusion would have certainly been reached in this case even if the ALJ had asked the VE about potential conflicts.

## Conclusion

After carefully reviewing the record, this Court finds that there is substantial evidence in the record to support the Commissioner's finding that plaintiff is not disabled within the meaning of the Social Security Act. See Baldwin v. Barnhart, 349 F.3d 549, 555 (8th Cir. 2003) (even if inconsistent conclusion may be drawn from the evidence, the decision will be affirmed where the evidence as a whole supports either outcome).

IT IS ORDERED that the decision of the Commissioner is affirmed.

Dated this 24th day of October, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge